The Honorable Jeff Gillespie State Representative P.O. Box 524 Danville, AR 72833-0524
Dear Representative Gillespie:
You have requested an Attorney General's opinion in response to the following question:
 Can a public school district reject the lowest competitive bid for a contract to construct a new gymnasium because it has doubts about the quality of the workmanship of that bidder?
RESPONSE
It is my opinion that a public school district can reject the lowest competitive bid for a contract to construct a new gymnasium because it has doubts about the quality of the workmanship of that bidder, provided that it does so in good faith and for good cause.
The statutes that are directly applicable to this question are A.C.A. §22-9-201 et seq., which set forth a required bidding procedure for contracts entered into by school districts (and certain other public entities) for "major repairs or alterations for the erection of building or other structures, or for making other permanent improvements." A.C.A. § 22-9-203. The pertinent provision in these statutes states:
 (d) On the date and time fixed in the notice, the board, commission, officer, or other authority in which or in whom authority is vested to award contracts, shall open and compare the bids and thereafter award the contract to the lowest responsible bidder, but only if it is the opinion of the authority that the best interests of the taxing unit would be served thereby.
A.C.A. § 22-9-203(d).
The Arkansas Supreme Court specifically addressed the question you have raised in a case governed by the above-referenced statutes. In ConwayCorp. v. Construction Eng'rs., 300 Ark. 225, 782 S.W.2d 36 (1989), the lowest bidder for a city construction contract sued the Conway Corporation, the non-profit organization that operated the City of Conway's utilities, for rejecting its low bid, and awarding the contract to a higher bidder. The Conway Corporation had rejected the lowest bid after having received information indicating that the quality of that bidder's workmanship was undesirable.
The court found that under A.C.A. § 22-9-203, the Conway Corporation "had the discretion to reject [the lowest bid] so long as the rejection was for good cause and in good faith." Conway Corp., supra, 300 Ark. at 231, citing Worth James Constr. Co. v. Jacksonville Water Comm'n,267 Ark. 214, 590 S.W.2d 256 (1979). The court specifically found that the Conway Corporation had acted in good faith in rejecting the bid. In reaching this conclusion, the court appears to have relied substantially on the fact that the Conway Corporation's concerns were based on substantiated allegations concerning the low bidder (thus indicating a lack of bad faith) and on the fact that the Conway Corporation took the extra step of instigating a post-bid investigation of the two highest bidders (thus furthering its lack of bad faith).
The court indicated that a finding of bad faith would require a showing of "dishonest, malicious or oppressive conduct with a state of mind characterized by hatred, ill will or a spirit of revenge." Id. at 232, citing Stevenson v. Union Standard Ins. Co., 294 Ark. 651, 746 S.W.2d 39
(1988). In this regard, the court noted that the Conway Corporation had received both negative and positive comments about the low bidder and had not reported them in a manner that obscured the truth.
On the basis of the court's decision in Conway Corporation, I conclude that the school district in question may reject the lowest bidder if it does so in good faith, and that its good faith will be bolstered by its reliance on substantiated facts, as well as its thorough investigation of the workmanship of the low bidder.
My conclusion regarding this matter is supported by other decisions of the Arkansas Supreme Court construing other bidding statutes containing the phrase "lowest responsible bidder" (which is also found in A.C.A. §22-9-203). The court has consistently interpreted the term "lowest responsible bidder," as used in statutory language, broadly enough to allow the deciding body to reject the lowest bidder (as well as other bidders) on the grounds of factors other than the amounts of the bids. Indeed, the court has made the general observation that "the phrase `lowest responsible bidder' in a statute providing for competitive bids before awarding contracts for certain public improvements implies skill, judgment and integrity necessary to a faithful performance of the contract, as well as sufficient financial resources and ability."Fletcher v. Cherry, 207 Ark. 650, 651, 182 S.W.2d 211 (1944), quotingWilliams v. City of Topeka, et al., 85 Kas. 857, 118 Pac. 864, 38 L.R.A., N.S., 672.
The Fletcher court also noted that "where a statute requires municipal contracts to be let to the `lowest responsible bidder' the duty of the officer letting the contract is not merely ministerial, but partakes of a judicial character, requiring the exercise of discretion." Fletcher,supra, 207 Ark. at 651.
The court most recently considered this issue in Massongill v. County ofScott, 329 Ark. 98, 947 S.W.2d 749 (1997). In that case, it was argued that a county had unlawfully rejected the lowest bid for solid waste disposal, in violation of A.C.A. § 14-22-111. That statute, like A.C.A. § 22-9-203, required the county to award the contract to the "lowest responsible bidder." The court held that this statutory language did not require the county to accept the lowest bid.
These decisions, as applied to a situation governed by A.C.A. §22-9-203, are bolstered by the language in A.C.A. § 22-9-203 stating that the contract is to be awarded to the lowest responsible bidder "only if it is the opinion of the authority that the best interest of the taxing unit would be served thereby." A.C.A. § 22-9-203(d). This language certainly indicates discretion on the part of the entity awarding the contract.
The foregoing authorities lead me to the conclusion that because the language of A.C.A. § 22-9-203 uses the phrase "lowest responsible bidder" (as opposed to "lowest bidder"), and because that language further grants discretion to the contracting party, the school district about which you have inquired does have the discretion to reject the lowest bidder because of concerns about the quality of that bidder's workmanship, provided that it does so in good faith and for good cause. Accord, Op. Att'y Gen. No. 98-111.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh